**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DALE ALAN CURTIS,** | § | |
| **TDCJ NO. 644162,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| | § | |
| **LAURIE GONZALES, LVN, John B.** | § | **CIVIL ACTION NO.** |
| **Connally UTMB Medical Department;** | § | |
| **DEBRA GLOOR, Practice Manager of the** | § | **SA-09-CV-0911 OG (NN)** |
| **UTMB Medical Department at the** | § | |
| **John B. Connally Unit;** | § | |
| **UNKNOWN NAMES AND UNKNOWN** | § | |
| **NUMBER OF NURSES Working for** | § | |
| **UTMB Connally Unit;** | § | |
| **UNKNOWN NAMES AND UNKNOWN** | § | |
| **NUMBER OF DENTAL STAFF** | § | |
| **Working at Connally Unit;** | § | |
| **TDCJ OFFICIAL ADMINISTRATOR** | § | |
| **In Charge of TDCJ Medical Department;** | § | |
| **UTMB CORRECTION MANAGE CARE** | § | |
| **OFFICIAL ADMINISTRATOR;** | § | |
| **SYLVIA L. PETERSEN,** | § | |
| **Law Library Supervisor;** | § | |
| **ALFREDO TREJO, Security Correctional** | § | |
| **Captain at the John B. Connally Unit,** | § | |
| | § | |
| **Defendants.** | § | |

**REPORT AND RECOMMENDATION**

**TO:    Honorable Orlando Garcia
          United States District Judge**

This report and recommendation recommends dismissing this case for failing to state a

claim upon which relief may be granted, pursuant to 28 U.S.C. § 1951A.  That provision requires

the court to "review, before docketing, if feasible or, in any event, as soon as practicable after

docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental

entity or officer or employee of a governmental entity." This provision applies to this case

because plaintiff Dale Alan Curtis is a prisoner confined at the Texas Department of Criminal

Justice (TDCJ) and because Curtis seeks redress from numerous named and unnamed TDCJ

employees. Section 1915A requires the court to dismiss the prisoner's complaint if it "is

frivolous, malicious, or fails to state a claim upon which relief may be granted." After screening

Curtis's original complaint, I issued a show cause order, identifying deficiencies in Curtis's

complaint and allowing Curtis to amend his complaint.[1]  Curtis filed an amended complaint. The

report and recommendation considers the amended complaint.[2]

**Nature of the Curtis's claims**.  Curtis's complaint refers to various constitutional

provisions,[3] but the court can reasonably construe the complaint as alleging two claims: (1)

deliberate indifference of serious medical needs, and (2) denial of access to the courts. Curtis's

claims arose from an incident that began with an infected tooth and ended with the extraction of

four teeth. Curtis alleged that TDCJ medical, dental and security staff were deliberately

indifferent to his medical needs. Curtis also complained that two employees confiscated his

paperwork associated with his injury to prevent him from filing a lawsuit about his injury. Curtis

seeks monetary and injunctive relief.

---

[1]Docket entry # 2.

[2]Docket entry # 9.

[3]Curtis refers to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution. The First Amendment applies only to the extent Curtis complains about a denial of access to the courts. The Fifth Amendment does not apply to state prisoners. The Eighth Amendment applies to Curtis's claim about medical treatment. The Fourteenth Amendment applies in so far as the amendment makes the First and Eighth Amendments applicable to local government officials.

**Curtis's claim for deliberate indifference of serious medical needs fails to state a claim upon which relief may be granted**.  The Eighth Amendment prohibits deliberate indifference to the serious medical needs of prisoners because such conduct constitutes the unnecessary and wanton infliction of pain.[4]

> This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.[5]

Not every prisoner claim about inadequate medical treatment states a violation of the Eighth Amendment.[6]  "[T]o state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."[7]  Complaining about negligence in diagnosing or treating a medical condition does not state a claim upon which relief may be granted.[8]  To prove deliberate indifference, a prisoner must show "that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'"[9]

---

[4]*Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

[5]*Estelle,* 429 U.S. at 104-05.

[6]*Estelle*, 429 U.S. at 105.

[7]*Estelle*, 429 U.S. at 106.

[8]*Estelle*, 429 U.S. at 106.

[9]*Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (citation omitted).

Construed as true,[10] Curtis's allegations do not rise to the level of deliberate indifference. Instead, Curtis complains about negligence.  According to the allegations, on Thursday, October 31, 2007, Curtis complained to TDCJ security personnel about an ear infection and asked to be taken to the medical staff.  Despite repeated requests, security personnel responded by stating that the medical staff required Curtis to complete a sick call request.  On Friday, November 1, 2007, a tooth in Curtis's lower jaw broke, causing Curtis pain.  Curtis again asked numerous security personnel to take him to the medical staff because he was in pain.  Security personnel stated that the medical staff required Curtis to complete a sick call request.  On Saturday, November 2, 2007, Curtis's face was swollen.  Curtis gave a member of the medical staff a sick call request, asking to be taken immediately to the dental department.  The dental department received Curtis's I-60[11] complaint on November 2, 2007.  Curtis continued to ask security personnel to take him to the medical department, but security personnel did not take him to the medical department.  On Monday, November 5, 2007, defendant-nurse Laurie Gonzales refused to treat Curtis during her morning medical rounds and offered Curtis a sick call form.  After Gonzales left, Curtis was taken to the dental department.

At the dental unit, a dentist told Curtis, that due to infection, nothing could be done at that time about the broken tooth.  Curtis was taken to the medical department, treated with antibiotics, and returned to his cell.  On Tuesday, November 6, 2007, the swelling in Curtis's face worsened.  On Wednesday, November 7, 2007, Curtis's "mouth burst and a mixture of

---

[10]*Estelle*, 429 U.S. at 99 ("Because the complaint was dismissed for failure to state a claim, we must take as true its handwritten, pro se allegations.").

[11]The I-60 request is the second step in TDCJ's procedures for requesting medical treatment.  The first step is a sick call request.

infection and blood came out."[12]  Minutes later, Curtis showed security employee Celia Nail the

mixture that came out of his mouth.  Nail initially decided to take Curtis to the medical staff, but

after being called to the picket, advised Curtis to complete a sick call request.  Minutes later,

nurse Gonzales directed Curtis to report to the building desk.  Security officer Patricia Rochester

then escorted Curtis to the medical staff.  Curtis was transported by ambulance to the local

hospital.  On Thursday, November 8, 2007, Curtis underwent surgery to remove the broken

tooth.  Curtis was treated with antibiotics.  On Saturday, November 10, 2007, Curtis returned to

surgery.  Curtis experienced problems with short term memory and "other brain and nerve

sensations" after the second surgery.  On or about Wednesday, November 14, 2007, Curtis lost

three more teeth.  The intravenous antibiotics used to treat Curtis nauseated Curtis.  Curtis was

released from the hospital on December 19, 2007, and returned to the prison on December 20,

2007.  Curtis continues to have a problem with his jaw.  A dentist told Curtis that his jaw would

likely not heal further.  Curtis continues to get the same type of sick feeling between meals that

he experienced when he was on the intravenous antibiotics.  Curtis maintains that the medical

staff has adopted a "sick-call request" policy to delay treating prisoners.  As partial relief, Curtis

seeks injunctive relief requiring medical staff to "visually examine each and every walk-in and/or

call-in by prisoners and/or TDCJ employees of prisoners who complaint of injury and/or sickness

. . . to determine if medical treatment is immediately needed."[13]

        While the pain Curtis experienced and the loss of four teeth is regrettable, Curtis's

allegations do not reflect deliberate indifference.  Rather than reflecting a refusal to treat Curtis,

---

[12]Docket entry # 9, ¶ 38.

[13]Docket entry # 9, p. 10.

the allegations show that TDCJ security and medical staff personnel required Curtis to follow

standard prison procedures requiring a prisoner to complete a sick call form, describing the

prisoner's medical problem.[14]  The procedures require the medical staff to answer sick call

requests within 48 hours.  If a sick-call request is not answered within 48 hours, the prisoner

must complete an I-60 request and indicate he wants to be seen by medical staff.  If the prisoner

has an urgent problem, he must tell an officer or staff member and request assistance from the

medical department.  If an employee determines the prisoner requires immediate attention, the

inmate will be treated immediately.  Here, Curtis is not complaining about the failure to

treat—because he was treated—he is complaining about a delay in treatment and the failure to

recognize the severity of Curtis's condition.  Rather than ignore Curtis's complaints, TDCJ

employees instructed Curtis to comply with prison procedures for seeking medical treatment.

Such conduct does not evince a wanton disregard for a serious medical need.[15]  For this reason,

---

[14]*See TDCJ Offender Orientation Handbook*, pp. 33-36, *available at* www.cmhcc.state.tx.us,
click on "complaint process;" then click on "Offender Orientation Handbook."  See also Correctional
Managed Health Care Policy Manual, policy # E-38.1, *available at* www.cmhcc.state.tx.us, click on
"publications;" then click on "CMHCC Health Care Policy Manual."

[15]*Accord Gracia Ledezma v. United States*, No. 09-50108, 2010 WL 2543469, at * 1 (5th Cir.
June 18, 2010)(allegations that prison staff failed to provide federal prisoner with adequate medical
care after he was bitten by a brown recluse spider over the weekend were insufficient to state a claim
for deliberate indifference; the prisoner complained that there were no doctors or registered nurses
available on the weekend and that the nurses who treated him ignored his request for emergency
medical care); *Foreman v. Potter*, No. 09-11172, 2010 WL 2465232, at * 1 (5th Cir. June 12, 2010)
(state inmate's complaint about the delay in treating his fractured ankle did not show deliberate
indifference of serious medical need; summary judgment evidence showed the inmate was treated
continuously beginning on the date he was injured); *Jackson v. Mizzel*, No. 09-30667, 2010 WL
183490, at *1 (5th Cir. Jan. 20, 2010) (state prison guards were not deliberately indifferent by
requiring inmate to wait until morning to see prison medical staff after inmate fought with another
prisoner; the prisoner requested emergency medical care to treat a sore wrist and a bruised knee);
*MaGee v. Dillon*, No. 08-60332, 2009 WL 3461, at * 1 (5th Cir. Oct. 28, 2009) (no deliberate
indifference to state prisoner's medical needs; the day after the prisoner was beaten by other inmates,

Curtis's allegations fail to state a claim for deliberate indifference of serious medical needs.  The claim is appropriately dismissed.

**Curtis's claim for denial of access to the courts also fails to state a claim upon which relief may be granted**.  Under the First Amendment, "prisoners have a constitutional right of access to the courts."[16]  "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."[17]  "This right of access for prisoners is not unlimited, however; rather, it encompasses only 'a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.'"[18]  "[B]efore a prisoner may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate "'that his position as a litigant was prejudiced by his denial of access to the courts.'"[19]

Construed as true,[20] Curtis's allegations do not demonstrate that his position as a litigant

---

the plaintiff was seen by a nurse; the next day the plaintiff was taken to the hospital to see a doctor; in two more days, the plaintiff underwent surgery; the plaintiff received post-surgery treatment); *Guiden v. Wilson*, No. 08-30901, 2009 WL 3028259, at * 1 (5th Cir. Sept. 23, 2009) (defendants did not violate prisoner's Eighth Amendment right by failing to order emergency medical care for prisoner who complained over the weekend about an infected boil on his head and associated headaches; the failure to provide treatment until Monday did not clearly evince a wanton disregard for a serious medical need).

[16]*Bounds v. Smith*, 430 U.S. 817, 821 (1977).

[17]*Bounds*, 430 U.S. at 828.

[18]*Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997) (internal citation omitted).

[19]*McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998) (citation omitted).

[20]*Estelle*, 429 U.S. at 99.

was prejudiced by the alleged denial of access to the courts.  Curtis complained about having

legal materials related to this case confiscated.  Specifically, Curtis complained that on

September 24, 2009, defendant Captain Alfredo Trejo instructed security personnel to confiscate

his legal property.[21]  According to Curtis, Trejo changed his mind and decided to have the law

library supervisor—defendant Sylvia L. Petersen—confiscate his legal property.[22]  Acting on

Trejo's authority, Petersen allegedly confiscated Curtis's legal paperwork.  Curtis alleged that he

was placed at a disadvantage in his ability to file his original complaint because he no longer has

his notes and case law relating to this case.[23]  Curtis maintains that the necessity of amending his

complaint demonstrates the resulting disadvantage.[24]  Curtis additionally complained about the

loss of exhibits needed to prove his deliberate indifference of serious medical needs claim.[25]

Being required to amend a complaint does not equate to prejudice.  Amending a

complaint is a routine part of civil litigation.  Plaintiffs often fail to state a claim upon which

relief may be granted in their original complaints.  Thus, the federal rules of civil procedure

permit defendants to move to dismiss a complaint for failure to state a claim upon relief may be

granted.  When considering a motion to dismiss, if the motion appears meritorious and a more

carefully drafted complaint might cure any deficiencies, the district court must first "give the

_____

[21]Docket entry # 9, ¶ 59.

[22]*Id*. at  ¶ 60.

[23]*Id*. at  ¶ 64.

[24]*Id*.

[25]*Id*. at  ¶ 72.

plaintiff an opportunity to amend his complaint, rather than dismiss it . . . ."[26]  Once the plaintiff

has been given an opportunity to amend his complaint, the court may assume the plaintiff has

pleaded his best case.[27]

In this case, the court issued a show cause order and identified deficiencies in Curtis's

original complaint.[28]  The court advised Curtis that he was entitled to amend his complaint to

cure the deficiencies.  In response, Curtis complained about limited access to legal materials and

asked for three extensions of time to amend his complaint.[29]  The court granted each request.[30]

Ultimately, Curtis had four months to amend his complaint.  As amended, however, the

complaint fails to show that Curtis was prejudiced by the confiscation of his legal materials on

September 24, 2009.   Amending a complaint does not show prejudice because in considering

whether a complaint fails to state a claim upon relief can be granted a court must view

nonconclusory factual allegations as true and then determine whether nonconclusory factual

allegations plausibly give rise to an entitlement to relief.[31]  In making this recommendation, I

---

[26]*Fuller v. Rich*, 925 F. Supp. 459, 461 (N.D. Tex. 1995).

[27]*Morrison v. City of Baton Rouge*, 761 F.2d 242, 246 (5th Cir. 1985).  *See Dark v. Potter*, 293 Fed. App'x 254, 257 (5th Cir. 2008) (applying the rule to a pro se plaintiff's complaint and stating, "this court often assumes a plaintiff asserts its best case after the plaintiff is 'apprised of the insufficiency' of the complaint").

[28]Docket entry # 2.

[29]Docket entry #s 3, 5 & 7.

[30]Docket entry #s 4, 6 & 8.

[31]*See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) ("[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual

disregarded all conclusory factual allegations and treated Curtis's nonconclusory factual allegations as true.  Even viewed true, Curtis's allegations do not reflect prejudice from the alleged confiscation of his legal materials and thus do not plausibly give rise to an entitlement to relief.  For this reason, Curtis's allegations fail to state a claim for denial of access to the courts. The claim is appropriately dismissed.

**Recommendation**.  Because Curtis's amended complaint fails to state a claim upon which relief may be granted, I recommend dismissing this case under 28 U.S.C. § 1915A.

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[32] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the

---

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").

[32] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

district court.[33]  Additionally, failure to file timely written objections to the proposed findings,

conclusions and recommendations contained in this report and recommendation shall bar the

aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court.[34]

       **SIGNED** on October 5, 2010.


                                            *Nancy Stein Nowak*

                                            NANCY STEIN NOWAK
                                            UNITED STATES MAGISTRATE JUDGE

---

[33]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[34]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).